UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

5th STREET PARKING LLC

Debtor

Chapter 11

Case No.:

## DECLARATION OF MYLENE LIGGETT
## PURSUANT TO RULE 1007-2 OF THE LOCAL BANKRUPTCY RULES FOR THE SOUTHERN DISTRICT OF NEW YORK

Pursuant to 28 U.S.C. § 1746, I, **MYLENE LIGGET,** hereby declare as follows under the penalty of perjury:

1.  I am the sole member of 5th Street Parking LLC, the Debtor and Debtor in possession, (the "Debtor"), a domestic limited liability company duly organized under the laws of the State of New York.

2.  In this role, I have become familiar with the Debtor's day-to-day operations, businesses, financial affairs and books and records.

3.  The Debtor filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on September 3, 2019 (the "Petition Date"). There is no other or prior bankruptcy case filed by or against the Debtor. There has not been a committee of unsecured creditors organized prior to the order for relief in the Debtor's Chapter 11 case.

4.  This Declaration is submitted pursuant to rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rule"), and I am authorized to submit it on behalf of the Debtor.

5. A copy of the Debtor's resolution authorizing the Chapter 11 is attached hereto as **Exhibit "A"**. Unless otherwise indicated, all financial information contained herein is presented on an estimated and unaudited basis.

6. The Debtor own certain vacant land (the "Property") situated and located at 1994-2002 and 1998 Madison Avenue, New York, NY (Block 1752, Lot 16), now known as 2000 Madison Avenue, New York, NY 10035.

7. The Debtor's immediate need for relief in this Court stems from the following:

8. On April 30, 2015 the Debtor executed a Mortgage (the "Mortgage") to secure a loan evidenced by a Promissory dated April 30, 2015 in the principal amount of $2,000,000.00 (the "Note") (collectively "the Loan Documents"). The Note has a 24% per annum interest rate.

9. The original holder of the Loan Documents is Nautilus Capital LLC ("Nautilis").

10. By assignment documents dated February 2018, Nautilus made an assignment of the Loan Documents to L&L Capital. On May 1, 2019 L&L Capital then assigned the Loan Documents to USC 1994 Madison LLC.

11. On January 12, 2017, Nautlis commenced a foreclosure action by filing a summons and verified complaint in the Supreme Court of New York, New York County (the "Foreclosure Action") against the Debtor captioned as *Nautlis Capital LLC v. 5th Street Parking, LLC, et al.*, Index No: 850015/2017.

12. On September 10, 2018, a judgment of Foreclosure and Sale was entered in favor of Nautilus. As a result, the subject property is scheduled to be auctioned tomorrow September 4, 2019.

13. The purpose of filing this petition is to preserve the Debtor's only asset *to wit:* the vacant land situated and located at 1994-2002 and 1998 Madison Avenue, New York, NY (Block 1752, Lot 16), now known as 2000 Madison Avenue, New York, NY 10035.

14. I am currently in the final stages of finalizing a joint venture agreement (the "Agreement") with Icon Realty Capital. Said Agreement will pay off the lien that is the subject to the aforementioned foreclosure action.

15. None of the Debtor's property is in the possession of any custodian, public officer, mortgagee, pledge, assignee of rents, or secured creditor, or any agent for such entity.

16. The following is a list of the Debtor's directors, officers, members and affiliates:

Mylene Liggett
Member
1461 1st Avenue, Apt. 234
New York, NY 10075

17. No shares of stock, debentures or other securities of the Debtor or any subsidiary of the Debtor is publicly held.

18. Substantially all of the Debtor's books and records are located at 1461 P1 Avenue, Apt. 234, New York, NY 10075.

19. The Debtor does not own any assets outside the territorial limits of the United States.

20. The Debtor only has (1) secured creditor: **USC 1994 Madison LLC**

21. The following is the only lawsuit currently pending against the Debtor: USC 1994 MADISION LLC- v. - 5th STREET PARKING LLC and et al, Index No.: 850015/2017.

22. The Debtor does not expect to assume any obligations which will remain unpaid during the next thirty (30) day period.

23. The proposed remuneration to be rendered to the members of the Debtor for the next thirty (30) days is $-0-. The payroll, excluding officers, for the same period is $0. It is estimated that Debtor's income from will be approximately $0 and that the estimated operating expense of the Debtor for the next thirty days is:

OPERATING EXPENSES

| | |
|---|---|
| Real Estate Taxes: | $2,916.66 |
| Property Insurance: | $3,000.00 |
| Repairs and Maintenance: | $2,000.00 |
| Telephone: | $500.00 |
| Miscellaneous Expenses: | $1000.00 |
| TOTAL: | $9,416.66 |

24. The needs and interest of the Debtor and its creditors will be best served by the Debtor remaining in possession of its assets and management of its affairs as a Debtor-in-Possession under Chapter 11 until confirmation of a reorganization plan.

25. The Debtor intends to continue in operation and propose a plan of reorganization, which treats all creditors in a fair and equitable manner consistent with the provisions of the Bankruptcy Code.

26. The Debtor and Debtor's counsel reserves the right to amend the within affidavit according to applicable case law, code provisions and rules.

I declare under the penalty that the foregoing is true and correct.

Dated: New York, New York
September 3, 2019

*Mylene Liggett (menler)*
**MYLENE LIGGETT**

Sworn to before me on this
3rd day of September 2019

_____
NOTARY

JULIO E. PORTILLA
Notary Public, State of New York
Reg. No. 02PO6252910
Qualified in New York County
Commission Expires 12/12/2019

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

5th STREET PARKING LLC

               Debtor

Chapter 11

Case No.:

## CERTIFICATE OF RESOLUTION

I, the undersigned, **MYLENE LIGGETT**, a Member of **5th STREET PARKING, LLC,** (the "Company"), do hereby certify that at a meeting of the Company duly called and held on the date hereof, the following resolutions were adopted and recorded in the Minute Book of the Company, and they have not been modified or rescinded, and are still in full force and effect:

> "**RESOLVED,** that in the judgment of the Company it is desirable and in the best interest of the Company, its creditors, members and other interested parties, that a petition be filed by the Company for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and it is further
>
> "**RESOLVED,** that the form of petition under Chapter 11 presented to this meeting is approved and adopted in all respects, and that MYLENE LIGGETT, a Member of the Company, is authorized to execute and verify a petition substantially in such form and to cause the same to be filed with the United States Bankruptcy Court for the Southern District of New York at such time as he shall determine; and it is further
>
> "**RESOLVED**, that MYLENE LIGGETT,  a member of the Company is authorized to execute and file all petitions, reorganization schedules, lists and other papers and to effectuate the filing of the Chapter 11 case, and , in that connection, that the Law Office of Julio E. Portilla, P.C. be retained and employed as legal counsel for the Company under a general retainer, in addition to such special counsel as may hereafter become necessary or proper with a view to the successful conclusion of such Chapter 11 case."

**IN WITNESS WHEREOF,** I have hereunto set my hand and seal of the Company this 3rd day of September, 2019.

5th STREET PARKING LLC

*Mylene Liggett (member) 9/3/2019*

By: Mylene Liggett, Member